UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Cleophus Young, #11586-002 | ) | C/A No.: 3:07-cv-1333-GRA-JRM |
| | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Mr. Lusk, Food Service Administrator; | ) | |
| Mr. Ashline, Food Service Assistant | ) | |
| Administrator; Mr. C. Cowin, Food | ) | |
| Service Supervisor; and Mr. Shilling, | ) | |
| Food Service Supervisor, in their | ) | |
| official and personal capacities. | ) | |
| _____ | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed January 8, 2008. Plaintiff filed this *Bivens* action on May 9, 2007. On June 12, 2007, Plaintiff filed a motion for a temporary restraining order and preliminary injunction with supporting materials. The defendants filed a motion to dismiss or in the alternative for summary judgment on November 6, 2007. On November 29, 2007, the magistrate issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff about the summary judgment procedure and consequences if he failed to respond. The *Roseboro* order was returned to the Clerk's office as undeliverable. Further, Plaintiff failed to provide a response to Defendants' motion.

1

The magistrate recommends granting defendants' motion on the basis of sovereign immunity as well as qualified immunity. He further recommends dismissing Plaintiff's motion for a temporary restraining order and preliminary injunction on the basis that Plaintiff's claims are now moot, since Plaintiff is no longer an inmate at FCI-Estill.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and

Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff did not file any objections.

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED THAT the defendants' motion to dismiss or in the alternative for summary judgment be GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff's motion for a temporary restraining order and to dismiss be DENIED.

IT IS SO ORDERED.

                                              _____
                                              G. ROSS ANDERSON, JR.
                                              UNITED STATES DISTRICT JUDGE

February 14, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**